UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bernard McFadden,   #199135, | ) C/A No. 3:13-439-JMC-JRM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| Ms. Reynolds, *First Name Unknown, Warden of Kershaw*; Mr. Washington, *FNU, Associate Warden of Kershaw*; and Ms. Ball, *FNU, Cafeteria Supervisor of Kershaw, in their individual or personal capacities*, | ) ) ) ) ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

Plaintiff, Bernard McFadden ("Plaintiff"), a state prisoner in the Kershaw Correctional Institution ("KCI") of the South Carolina Department of Corrections ("SCDC") in Kershaw, South Carolina, who is proceeding *pro se*, brings this Complaint against the Defendants, all of whom are KCI officials, alleging violations of Plaintiff's First and Fourteenth Amendment rights. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rules 73.02(B)(2) (d) and (e) (DSC), the undersigned United States Magistrate Judge is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

**STANDARD OF REVIEW**

Plaintiff files this complaint *in forma pauperis* pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2) (B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact.

*Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995). Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir.1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir.1990).

## BACKGROUND

Plaintiff files this civil action, pursuant to 42 U.S.C. § 1983,[1] alleging that he has been subjected to cruel and unusual punishment and a violation of his right to freedom of religion.

---

[1] In order to state a cause of action under § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417, 419 (6th Cir. 1996).

Plaintiff alleges that his KCI dormitory "was placed on lock-down on 01/08/2013" and Plaintiff "was, for lock-down, fed mainly bologna sandwiches in (2) out of (3) meals of (1) out of (2) meals on (2) days - causing several related malnutritious diseases from these lock-downs that collectively total approximately (6) months bologna sandwich feedings per year." ECF No. 1, p. 3. Plaintiff also alleges that "[his] religious activities were restricted, and will be restricted, during these lock-down periods that collectively last approximately (6) months (notably between 01/08/2013 through 01/14/2013)." *Id.* Plaintiff further alleges that "[his] showers were restricted to every (4) days, and will be restricted, during these lock-down periods that collectively last approximately (6) months (notably between 01/08/2013 through 01/14/2013." *Id.* Plaintiff "seeks an undetermined amount of monetary damages for pain and suffering, mental and emotional distress; irreparable damages, exemplary or punitive damages, future damages, compensatory damages and nominal damages." ECF No. 1, p. 4. Plaintiff also "seeks an order for declaratory and injunctive relief, declaring that feeding bologna sandwiches and giving showers every (4) days approximately (6) months out of a year violate the 8th Amendment; and that restricting religious practices approximately (6) months out of a year violates the 1st Amendment, ordering Defendants to stop the above alleged conduct." *Id.* Plaintiff alleges that he filed grievance number "KRCI-0131-13" on "01/28/2013," and that he has not received a final agency/departmental/institutional answer or determination concerning this matter. Complaint, ECF No. 1, p. 2. Plaintiff's Complaint in this case is dated February 15, 2013 and was filed in this Court on February 20, 2013. *See* ECF No. 1, p. 4.

## DISCUSSION

The Complaint filed in this case is subject to summary dismissal without prejudice and without service of process, under the provisions of 28 U.S.C. § 1915(e)(2)(B), because it is apparent

from the face of Plaintiff's Complaint, that Plaintiff failed to exhaust his administrative remedies prior to filing suit under 28 U.S.C. § 1983, as is required by the Prison Litigation Reform Act ("PLRA"). The PLRA, 42 U.S.C. § 1997e(a), provides that, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Accordingly, before Plaintiff may proceed in this court with his claims concerning the conditions of his confinement, he must first exhaust his administrative remedies available through the SCDC grievance process.

The United States Supreme Court held that, "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *see also Booth v. Churner*, 531 U.S. 956 (2001) (PLRA requires administrative exhaustion even if grievance procedure does not allow monetary damages and prisoner seeks only monetary damages, so long as grievance tribunal has authority to take some responsive action). Although the lack of exhaustion of administrative remedies is considered an affirmative defense and not a jurisdictional infirmity, *see Jones v. Bock*, 549 U.S. 199 (2007), under existing precedent in the Fourth Circuit if the lack of exhaustion is apparent from the face of the prisoner's complaint, *sua sponte* dismissal prior to service of the complaint is appropriate. *See Anderson v. XYZ Correctional Health Servs.*, 407 F.3d 674, 683 (4th Cir. 2005); *Moore v. Bennette,* 517 F.3d 717, 725 (4th Cir. 2008); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655-56 (4th Cir. 2006).

Here, Plaintiff's allegations clearly show that he did not first exhaust his administrative remedies through the prison grievance process before filing this case, thus dismissal of his

Complaint is appropriate under *Nasim v. Warden*, 64 F.3d 951 (4th Cir. 1995) and *Anderson*, 407 F.3d at 683. No genuine issue of material fact concerning Plaintiff's failure to exhaust his administrative remedies exists in the instant case because Plaintiff has not alleged that the grievance process was not available to him within the meaning of §1997e(a) of the PLRA, nor has he alleged that Defendants have hindered his ability to exhaust his administrative remedies, nor has a sufficient amount of time passed following the submission of Plaintiff's grievance to presume under SCDC's grievance policy that a failure to respond has made the grievance process unavailable. *See Hill v. Haynes*, 380 F. App'x 268, 270 (4th Cir. 2010); *Bacon v. Greene*, 319 F. App'x 256, 257-58 (4th Cir. 2009).

Plaintiff simply alleges that he did not file a grievance until January 28, 2013, only twenty-three days before filing this case, and that he has not yet received a reply to his grievance. In response to the question on the complaint form "[h]ave you received a final agency/departmental/institutional answer or determination concerning this matter (*i.e.*, your grievance)?," Plaintiff checked "No." ECF No. 1, p. 2. Plaintiff did not wait a sufficient time under the SCDC grievance policy[2] to allow for a response to his grievance. *See Drakeford v. Thompson*,

---

[2] The SCDC inmate grievance policy time limits are summarized as follows: After an unsuccessful attempt at informal resolution of the problem(s) by submission of a Request to Staff Member Form or by discussion of the complaint with the appropriate supervisor/staff, (1) an inmate must fill out a Form 10-5, Step 1, and give the form to an employee designated by the Warden (not the Inmate Grievance Coordinator) within fifteen days of the alleged incident; (2) the grievance must then be numbered and entered into SCDC's automated system within ten working days, and the Institutional Inmate Grievance Coordinator (IGC) notified; (3) the IGC must then, within ten working days, finalize the grievance in the system and attempt to informally resolve the issue; if the problem cannot be resolved informally, the IGC will conduct a complete investigation and make recommendations for disposition of the matter to the Warden; (4) the Warden must respond to the inmate, in writing, within forty days from the date the grievance was formally entered into the system by the IGC, then the IGC has five working days to serve the Step 1 response to the inmate;

(continued...)

C/A No. 2:09-2239-RBH, 2010 WL 4888489, at *2 (D.S.C. Nov. 24, 2010).

In the instant matter, Plaintiff alleges that he filed a grievance on January 28, 2013, and no more than twenty-three days have passed from that date until the date Plaintiff filed his Complaint, *i.e.* February 20, 2013. As discussed above, Plaintiff did not wait a sufficient time to allow for a response to his grievance. Plaintiff has specifically admitted that he has not fully pursued and exhausted the available SCDC grievance process remedy for the alleged violations of his constitutional rights.

## RECOMMENDATION

As it is clear on the face of Plaintiff's Complaint that he has failed to exhaust the administrative remedies available to him prior to filing the instant Complaint, as required by 42 U.S.C. § 1997e(a), Plaintiff is precluded from bringing this action. Accordingly, it is recommended that Plaintiff's Complaint be summarily dismissed, without prejudice and without issuance and service of process, for failure to exhaust administrative remedies.

**Plaintiff's attention is directed to the important notice on the next page.**

April 11, 2013                                         Joseph R. McCrorey
Columbia, South Carolina                  United States Magistrate Judge

---

[2](...continued)
(5) the inmate may then appeal the Warden's response to the Division Director of Operations by completing a Form 10-5a, Step 2, and submitting it to the IGC within five "calendar days" of the inmate's receipt of the response; (6) the IGC then notifies the Inmate Grievance Branch of the Step 2 appeal within another five "calendar days" and the Branch must present the Step 2 appeal to the responsible SCDC official, *i.e.* the Division Director of Operations, for a response; (7) the Division Director of Operations then has sixty days from the date the appeal was received by the IGC at the institution to respond to the Step 2 grievance, and finally, (8) the IGC has five days to serve the inmate with the Step 2 response. SCDC, Inmate Grievance System, GA-01.12, § 13.4 (Oct. 1, 2010).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).